IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                                    No. CR 09-1037 JB

KALE YAZZIE,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Request for an Immediate Hearing Concerning a Furlough for Religious Purposes, filed March 15, 2010 (Doc. 88). The Court held an evidentiary hearing on March 19, 2010. The primary issues are: (i) whether the Court should hold an immediate hearing concerning a furlough for religious purposes from April 1, 2010 to April 4, 2010; and (ii) whether the Court should allow the furlough. The Court grants Defendant Kale Yazzie's request for a hearing. Because, however, the Court does not believe that there are any conditions or combinations of conditions that will protect the community, the Court will deny Yazzie's requests for a furlough.

## PROCEDURAL BACKGROUND

Before his incarceration on February 5, 2010, Yazzie had complied with his conditions of release, allowing him to stay at La Pasada Halfway House for a period of more than nine months. On February 5, 2010, Yazzie pled guilty pursuant to rule 11(c)(1)(C) to involuntary manslaughter. Pursuant to the plea agreement, Yazzie will receive a sentence of eight years of incarceration, which is the statutory maximum sentence applicable to involuntary manslaughter. On February 4, 2010, the night before he was to plead guilty, Yazzie violated his conditions of release. The violations

consisted of Yazzie returning to the halfway house after the approved time and blowing a breath alcohol content .07 at the time of his return. At the time of his plea, based on the violation of the terms of his pretrial release, Yazzie did not oppose his remand into custody and agreed to the United States Marshal's custody pending sentencing based on the violation.

In preparation for his incarceration, Yazzie's family was arranging for a traditional Navajo cleansing ceremony for Yazzie. The purpose of the cleansing ceremony is to prepare Yazzie to serve his time in prison. Yazzie's mother, Elsie Begay, has contacted a practitioner of Navajo traditional religion, Gary Vandever, concerning the ceremony. The arrangements were not completed before Yazzie's agreement to be remanded into custody, and so Yazzie has yet to take part in this cleansing ceremony. Both Yazzie and Begay state that the cleansing ceremony cannot be performed in the jail where he is incarcerated.

The arrangements would require Yazzie to be with Vandever from April 1, 2010 to April 4, 2010. During that time, Yazzie and Vandever would collect herbs to be used in the ceremony and conduct the ceremony at Begay's house. Yazzie also states the cleansing ceremony is not the same ceremony which takes place in some Bureau of Prison facilities with sweat lodges. According to Yazzie, during the four-day period, he would be in Begay's third-party custody.

Yazzie requests the Court, pursuant to the First, Fifth, Sixth, and Eighth Amendments to the United States Constitution and 18 U.S.C. § 3142(c), requests an immediate hearing concerning a furlough for religious purposes from April 1, 2010 to April 4, 2010. The Court grants the motion for a hearing, which was held on March 19, 2010.

Assistant United States Attorneys Rumaldo R. Armijo and Shana Pennington object to the relief requested in Yazzie's motion. On March 17, 2010, the United States filed its Response to Defendant's Request for an Immediate Hearing Concerning a Furlough for Religious Purposes. See

Doc. 90. The written response provides an explanation of the basis of this opposition.

At the hearing, Begay testified concerning her willingness to assume third-party custody for Yazzie from April 1, 2010 to April 4, 2010, and the purposes of the cleansing ceremony. Begay represented that there would be no alcohol in the ceremony at Ms. Begay's house and that the ceremony is not one that involves the use of peyote or any other narcotic. Yazzie also testified, confirming that he wanted to go through with the ceremony.

The requested furlough would span from April 1, 2010, to April 4, 2010, only weeks before the sentencing date. The sentencing date is currently scheduled for April 22, 2010.

## **ANALYSIS**

The Court believes that it could fashion and impose conditions of release which would reasonably assure Yazzie's appearance at the jail upon conclusion of the ceremony. The Court is not convinced, however, it can impose conditions of release that would allow Yazzie's release for purposes of the cleansing ceremony, and yet would not endanger the safety of any other person or the community.

The Court's primary concern lies not with Begay, but instead with Yazzie. His violation of the terms of pretrial release on the eve of his guilty plea signals to the Court that Yazzie is particularly vulnerable to making poor decisions, especially when facing the reality of the charges against him. With the sentencing looming, the Court has increased concern that Yazzie will once again violate any furlough release terms to which he is subject.

The Court's concern is even more heightened because of the particularly gruesome facts underlying this crime. The parties have reached a plea agreement to the statutory maximum sentence applicable to involuntary manslaughter. Sometimes the crime that a defendant has committed is so serious that, even if the risk of a violation is small, any risk of another incident is

too great for society to bear. This calculus is present here. The risk that Yazzie poses to society -- at least outside of the halfway house -- is too great, and outweighs the possibility that Yazzie would not violate his conditions of release. With respect to whether Begay would be an appropriate third-party custodian during this requested furlough, the Court notes that Yazzie was residing with his mother at the time he committed the egregious crime to which he has now pled guilty. The Court is thus unconvinced that leaving Yazzie in Begay's custody would alleviate the very real danger to society that Yazzie poses.

**IT IS ORDERED** that the Defendant's Request for an Immediate Hearing Concerning a Furlough for Religious Purposes is granted in part and denied in part. The request for a hearing is granted. The motion is otherwise denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Gregory J. Fouratt
  United States Attorney
Kyle T. Nayback
Rumaldo R. Armijo
Shana B. Pennington
  Assistant United States Attorney
Albuquerque, New Mexico

       *Attorneys for the Plaintiff*

Jacquelyn Robins
Albuquerque, New Mexico

       *Attorney for the Defendant*